IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

GRANT BENJAMIN AARON                                                PLAINTIFF

v.                                              CIVIL CASE NO. 3:24-CV-228-RP

COMMISSIONER OF
SOCIAL SECURITY                                                     DEFENDANT

### OPINION AND JUDGMENT

Pursuant to 42 U.S.C. § 405(g), the plaintiff Grant Benjamin Aaron has brought this action for judicial review of the Commissioner's decision finding he is no longer disabled and terminating his supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on March 26, 2025. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel, and the applicable law, the undersigned recommends that the Commissioner's decision be affirmed.

### Standard of Review

In determining whether to terminate a claimant's supplemental security income (SSI), the Commissioner, through the Administrative Law Judge ("ALJ"), works through a seven-step sequential evaluation process to determine:

(1) Whether the claimant has an impairment or combination of impairments which meets or equals a listed impairment;

(2) If impairments do not meet a listing, whether there has been medical improvement as shown by a decrease in medical severity;

(3) If there has been medical improvement, whether it is related to the claimant's ability to do work;

(4) If there has been no medical improvement or if it is not related to the claimant's ability to do work, whether an exception to medical improvement applies;

(5) If medical improvement is related to the claimant's ability to do work or if one of the first group of exceptions applies, whether the claimant has a severe impairment;

(6) If the claimant has a severe impairment, whether, based upon an assessment of the claimant's residual functional capacity, the claimant can perform past relevant work; and

(7) If the claimant cannot perform past relevant work, whether the claimant can perform other work.

20 C.F.R.§ 416.994(b)(5).

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[1] even if it finds that the evidence leans against the Commissioner's decision.[2] The Fifth Circuit has held that

---

[1]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).
[2]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

In the case of a final decision finding that a SSI recipient is no longer entitled to benefits, the ALJ's decision must be supported by substantial evidence that "there has been any medical improvement" *and* that "the individual is now able to engage in substantial gainful activity." *Hallaron v. Colvin*, 578 Fed. Appx. 350, 353 (5th Cir. 2014) (citing 42 U.S.C.A. § 1382c(a)(4)(A)). Because a claimant is afforded a "presumption of continuing disability" once they are awarded benefits, it is the Commissioner who must provide evidence and weigh said evidence, along with additional evidence provided by the claimant, against the facts which formed the original basis of a disability finding. *Taylor v. Heckler*, 742 F.2d 253, 255 (5th Cir. 1984). "On judicial review, after a new determination of eligibility is made on these principles, the entire record is reviewed to determine whether the Secretary's decision of cessation of disability is supported by substantial evidence." *Id*.

## Commissioner's Decision

The most recent favorable decision finding that the plaintiff was disabled – known as the "comparison point decision" or CPD – was on September 15, 2017, when it was determined that

the plaintiff's severe impairment of personality and impulse control disorder met a listing. In reviewing whether the plaintiff remains disabled, the ALJ found that the plaintiff's current medically determinable impairments include personality and impulse control disorders; depressive, bipolar, and related disorders; generalized anxiety disorder; and autism spectrum disorder.

At step one of the sequential evaluation process, the ALJ concluded that none of the claimant's impairments individually or in combination meets or medically equals a listing. At step two, the ALJ found that medical improvement occurred due to a decrease in medical severity as of April 5, 2021. At step three, the ALJ found that the plaintiff's medical improvement is related to his ability to work. Accordingly, the ALJ proceeded to step five, at which he found that the claimant has a severe impairment or combination of impairments. Proceeding to step six, the ALJ then determined that the plaintiff has the residual functional capacity ("RFC') to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> [H]e can understand, remember, and carry out simple instructions and perform simple, routine, repetitive tasks. He can sustain attention, concentration, and persistence on task for two hours periods sufficient to complete a normal eight-hour workday with normal breaks. He can have occasional interaction with co-workers and supervisors but never with the general public. He can adapt to simple, occasional, and gradually introduced changes to the workplace.

Based on this RFC, the ALJ found that the plaintiff is unable to perform any past relevant work. Finally, at step seven, the ALJ found that considering the plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the plaintiff can perform, such as the representative occupations of inspector, packager, and

laundry worker. Accordingly, the ALJ concluded that the plaintiff is not disabled and that his disability ended on April 5, 2021.

## Discussion

The plaintiff argues primarily that the ALJ committed error at step two of the sequential evaluation process when he found that there has been medical improvement, which, according to the applicable regulation, "is determined by a comparison of prior and current medical evidence …" 20 C.F.R.§ 416.994(b)(2)(i). According to the plaintiff, in finding medical improvement the ALJ considered only current medical evidence and failed to consider prior medical evidence. As such, the plaintiff argues, the Commissioner's decision must be reversed, and in support the plaintiff cites *Smith v. Commissioner of Social Security*, in which this court found reversible error where the ALJ found medical improvement without considering prior medical evidence. No. 3:16CV212-RP, 2017 WL 2292795, at *3-4(N.D. Miss. May 24, 2017). However, *Smith* is distinguishable from this case.

In *Smith*, the ALJ in his decision cited no medical evidence pertaining to the CPD, the items listed as exhibits to the ALJ's decision included no medical records pertaining to the CPD, and the record before the court appeared to include no medical records pertaining to the CPD. 2017 WL 2292795, at *3. As such, the court could only conclude that the ALJ's finding of medical improvement was not determined by a comparison of prior and current medical evidence as required. *Id.* In the present case, on the other hand, medical records pertaining to the CPD are listed as exhibits to the ALJ's decision and are included in the record in this case, and the ALJ's decision states he reviewed all the evidence of record. Further, in finding medical improvement the ALJ cited medical findings as to the plaintiff's limitations at the time of the CPD, when "it was determined that the claimant was found to have marked limitations interacting with others

and marked imitations in concentration, persistence, and maintaining pace." The court concludes that unlike in *Smith,* the ALJ in this case appears to have considered prior medical evidence as required when determining medical improvement. The plaintiff's argument fails.

Next, the plaintiff argues that the ALJ failed to properly consider the administrative medical findings of the state agency physicians, specifically the state agency psychologist's statement, "Realistically, nothing of significance has changed from a mental standpoint since the claimant was working." The plaintiff contends that this statement bears on whether there has been medical improvement and that the ALJ should have discussed this aspect of the state agency physicians' opinions. However, "the ALJ is not required to articulate how he considered every opinion within a medical source's report." *Triplett v. Commissioner of Social Security,* No. 1:20-CV-243-RP, 2021 WL 5016028, at *2 (N.D. Miss. Oct. 27, 2021) (citing C.F.R. § 404.1520c(b)(1) ("We are not required to articulate how we considered each medical opinion … from one medical source individually.")). Rather, when a medical source provides multiple medical opinions or administrative medical findings, "we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis …" C.F.R. § 416.920c(b)(1). In this case, the ALJ articulated how persuasive he found the state agency physicians' administrative medical findings of non-disabling mental limitations, and that finding is supported by substantial evidence.

Finally, the plaintiff argues that if the plaintiff showed medical improvement, the ALJ erroneously found medical improvement on April 5, 2021 and should have found medical improvement in March of 2022 instead, because when finding medical improvement the ALJ mostly cited medical evidence from that month. However, it is apparent to the court from the

totality of the ALJ's decision that in finding medical improvement on April 5, 2021, the ALJ considered and relied upon the administrative medical findings on that date concluding that the plaintiff has non-disabling mental limitations, and the ALJ's finding of medical improvement on that date is supported by substantial evidence.

For these reasons and for those announced on the record at the conclusion of oral arguments in this case, the undersigned finds that the Commissioner's decision is supported by substantial evidence, and it is AFFIRMED.

This, the 27th day of March, 2025.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE